IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY COCHRAN            )
                         )
     v.                  )     NO. 3:10-0753
                         )
JP MORGAN CHASE, N.A.    )

TO:   Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered August 10, 2010 (Docket Entry No. 7), the Court referred this action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B)[1] and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff, acting pro se, filed this civil action in forma pauperis asserting numerous civil causes of action against JP Morgan Chase, N.A., related to "contract for the refinance of a primary residence located at 7176 Chester Road." See Complaint (Docket Entry No. 1), at 1. In conjunction with his complaint, the plaintiff filed a motion for a temporary restraining order (Docket Entry No. 2) and a motion for a preliminary injunction (Docket Entry No. 4). In both motions, the plaintiff seeks injunctive relief enjoining the defendant from foreclosing on his property.

---

[1] By Order entered January 7, 2011 (Docket Entry No. 14), the Court found that the plaintiff's claims were not facially frivolous and ordered that process issue to the defendant.

Pursuant to the Orders entered January 31, 2011, and February 1, 2011 (Docket Entry Nos. 25-26), the defendant filed a notice on February 4, 2011; (Docket Entry No. 27), advising that it did not intend to pursue further foreclosure action against the property at issue in this action during the pendency of this proceeding.

Accordingly, the Plaintiff's motion for a temporary restraining order(Docket Entry No. 2) and motion for a preliminary injunction (Docket Entry No. 4) should be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge