UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BOBBY COCHRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:10-CV-753 |
| | ) |
| JP MORGAN CHASE, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT JP MORGAN CHASE, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

By and through counsel, Defendant JP Morgan Chase, N.A. ("Defendant" or "Chase") hereby submits this Memorandum of Law in support of its Motion to Dismiss, or in the alternative, for More Definite Statement.

### FACTUAL BACKGROUND

On August 9, 2010, Plaintiff Bobby Cochran ("Plaintiff" or "Mr. Cochran") filed an action with this Honorable Court styled as an "Original Petition" (hereinafter the "Complaint"). Upon review of Plaintiff's Complaint, Chase is unable to understand or ascertain what claims, if any, are being asserted against Chase by the Plaintiff. The broad and conclusory nature of the statements within the Complaint are wholly unsupported by any specific factual allegations related to Chase and fail to give Chase reasonable notice of the basis of the Plaintiff's Complaint against Chase.

The substance of Plaintiff's Complaint is an expository essay regarding an alleged "carefully crafted criminal connivance" and the "general state of the real estate industry." The 24-page Complaint is packed with general allegations, legal conclusions, and unwarranted

factual inferences with no factual references to Defendant Chase. For example, Plaintiff alleges he entered into a "consumer contract" to refinance his primary residence, but fails to allege any factual support for this claim, including the date of the alleged contract or that said contract even was with Defendant Chase. Plaintiff makes numerous references throughout his Complaint to the "agents" of Defendant Chase with whom he allegedly dealt, yet fails to provide any identifying information regarding those alleged agents. Plaintiff's use of the plural "Defendants" throughout the Complaint further obfuscates the specific allegations, if any, directed at Defendant Chase. Furthermore, Plaintiffs fails to include any dates or other concrete references to anchor his general allegations to a specific frame of reference regarding Chase.

## ARGUMENT

### A. Rule 12(b)(6) Motion to Dismiss Review Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint when it fail to state a claim upon which relief may be granted. Willis v. CSX Transportation, Inc., 2009 WL 2601862 at *1 (E.D. Tenn. Aug. 21 2009). The purpose of such motion is to test the formal sufficiency of the claim and not to resolve the facts or merits of the case. Federal Express Corp. v. United States Postal Serve., 75 F.Supp.2d 807, 810 (W.D. Tenn. 1999). The motion only tests whether a cognizable claim has been pleaded in the complaint. Id. (citing Shied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "Essentially it allows the court to dismiss meritless cases which would otherwise waste scarce judicial resources and result in unnecessary discovery." Id. (citing Neitzke v. Williams, 490 U.S. 319, 236-27, 109 S.Ct. 1827, 104 L.Ed. 2d 338 (1989)).

In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court "must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party." Coates v. Harrahs Entertainment, 2009 WL

2

973083 at *1 (W.D. Tenn. April 9, 2009). However, "legal conclusions or unwarranted factual inferences need not be accepted as true." Id. (citing Morgan v. Church's Fried Chicken, 829 F.2d 10 12 (6th Cir. 1987)). Indeed, "although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" Id. (quoting United States ex rel. Bledsoe v. Cmty. Health Sys., Inc. 501 F.3d 493, 502 (6th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007))). "The complaint must give defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." McGowan v. Cantrell, 2007 WL 2509704, at *1 (E.D. Tenn. Aug. 30, 2007) (citing Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996)). "'In practice, a … complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Id. (quoting Lillard, 76 F.3d at 726).

### B. Plaintiff Fails To Supply The Necessary Facts and Grounds to Support Any Claim or Right to Relief

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of his or her claim which shows the plaintiff is entitled to relief and a demand for the relief sought. Rule 8, Fed. R. Civ. P. In the instant matter, the Plaintiff has failed to supply the requisite facts or circumstances and grounds which provide support for his claims. Furthermore, the Plaintiff's allegations are difficult to understand, fail to clearly identify any claim or right to relief as to Defendant Chase, and provide no notice to this Defendant of the factual basis for the claims, if any, that are being made.

3

Additionally, Plaintiff's statements in his Complaint concerning some sort of unspecified fraud fail to meet the heightened pleading requirements set forth by Rule 9(b) of the Federal Rules of Civil Procedure that require a party to allege circumstances which constitute fraud with particularity. The Sixth Circuit Court of Appeals has stated that "[w]here a complaint alleges 'a complex and far-reaching fraudulent scheme,' then that scheme must be pleaded with particularity and the complaint must also 'provide [ ] examples of specific' fraudulent conduct that are 'representative samples' of the scheme." United States ex rel. Marlar v. BWXT Y-12, LLC, 525 F.3d 439, 444-45 (6th Cir. 2008) (quoting United States ex rel. Bledsoe, 342 F.3d at 510).

Defendant Chase has no reasonable notice of the factual basis and circumstances supporting Plaintiff's claims in this matter. The Complaint presents an incoherent and distorted compilation of general conclusory allegations that do not set forth a concise and clear statement of any facts and claims as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has not included any dates or other frames of reference to allow Chase to place the general allegation in factual context and analyze such essential matters as Plaintiff's standing to bring suit or whether the allegations themselves are timely filed. Without such a frame of reference, Defendant cannot file a meaningful response and is prejudiced from the outset of the case in asserting or pleading viable defenses.

With respect to any claim for fraud, Chase maintains that it has no reasonable notice of such claim based on the lack of specific factual allegations in the Complaint. Rule 9(b) of the Federal Rules of Civil Procedure requires allegations of fraud to be pled with particularity. Under the Rule 12(b)(6) standard, the Complaint fails in its entirety to meet the pleadings

4

standards as set forth by the Federal Rules of Civil Procedure and should be dismissed for failure to state a claim upon which relief may be granted.

In the alternative, should this Honorable Court not dismiss the Complaint pursuant to Rule 12(b)(6), Defendant Chase seeks relief under Rule 12(e) for a more definite statement of the factual allegations. Plaintiff's claims against Chase are difficult to ascertain or understand leaving Chase with no reasonable notice of what actions are being asserted against it and rendering Chase incapable of filing a meaningful response. Basic information such as dates, names, and specific events must be alleged with enough detail to allow Chase to investigate the claims, file a response, and raise appropriate defenses. Given the dearth of factual allegations in the Complaint as filed, Chase is unable to analyze and assert essential defenses such as standing and statute of limitations that must be raised in response to the Complaint.

For the foregoing reasons, Defendant Chase respectfully requests that this Court dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Chase asks that this Court enter an order requiring Plaintiff to provide Chase with a more definite statement pursuant to Rule 12(e) before Chase is required to file a response to the Complaint.

Respectfully submitted,

　　/s/ James C. Bradshaw III　　
James C. Bradshaw III, BPR 13170
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Telephone: 615.244.0020
Facsimile: 615.256.1726

Counsel for Defendant JP Morgan Chase, N.A.

## CERTIFICATE OF SERVICE

    I hereby certify that on February 8, 2011, a copy of the foregoing Notice was filed in the above-captioned action. A copy of this Notice will be sent by operation of the Court's electronic filing system to Bobby Cochran, 7176 Chester Road, Fairview, Tennessee 37062.

                 /s/ James C. Bradshaw III

45411482.3