UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| BOBBY COCHRAN, | ) |
|---|---|
| Plaintiff, | ) CIVIL ACTION NO. 3:10-CV-753 |
| v. | ) |
| | ) Judge Trauger |
| JP MORGAN CHASE, N.A., | ) Magistrate Judge Griffin |
| Defendant. | ) |

## ANSWER TO AMENDED COMPLAINT

Comes now Defendant JP Morgan Chase, N.A. ("Defendant" or "Chase"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, would hereby show the Court as follows:

1. Defendant admits that Plaintiff Bobby Cochran is the Plaintiff is this action.

2. Defendant admits that it is the Defendant in this action.

3. Defendant denies any violations of the Truth in Lending Act or the Real Estate Settlement and Procedures Act.

4. Defendant denies any fraud or breach of contract.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations or statements in paragraph 5 of the Amended Complaint, and demands strict proof thereof.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations or statements in paragraph 6 of the Amended Complaint, and demands strict proof thereof.

7. Defendant denies any "pervasive and willful disregard of knowledge, facts, or statutes" in connection with foreclosure proceedings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Amended Complaint, and demands strict proof thereof.

8. To the extent that the statements and allegations in paragraph 8 of the Amended Complaint apply to Defendant, Defendant denies same.

9. To the extent that the statements and allegations in paragraph 9 of the Amended Complaint apply to Defendant, Defendant denies same.

10. To the extent that the statements and allegations in paragraph 10 of the Amended Complaint apply to Defendant, Defendant denies same.

11. To the extent that the statements and allegations in paragraph 11 of the Amended Complaint apply to Defendant, Defendant denies same.

12. Defendant admits that venue is proper in this judicial district.

13. Defendant admits the allegation in paragraph 13 of the Amended Complaint.

14. Defendant denies any violation of Truth in Lending Act.

15. Defendant denies any violation of Real Estate Settlement and Procedures Act.

16. Defendant admits that this Court has pendent jurisdiction to consider claims arising under Tennessee state law, if such claims are sufficiently pled and exist.

17. To the extent that any contracts exists between Plaintiff and Defendant, Defendant admits the allegation in paragraph 17 of the Amended Complaint.

18. Defendant admits that jurisdiction is proper in this Court.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 19 of the Amended Complaint, and demands strict proof thereof.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations or statements in paragraph 20 of the Amended Complaint, and demands strict proof thereof.

21. To the extent that the statement and allegations in paragraph 21 of the Amended Complaint apply to Defendant, Defendant denies same.

22. Defendant denies the allegation in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegation in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegation in paragraph 24 of the Amended Complaint.

25. Defendant re-asserts and re-alleges all of its prior responses set forth above as if fully set forth herein.

26. Defendant admits that Plaintiff entered into a loan agreement with Great Western Mortgage on September 15, 1995.

3

27. Defendant admits that Plaintiff signed a Promissory Note and Deed of Trust on September 15, 1995, and that these instruments were subsequently recorded.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, and demands strict proof thereof.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, and demands strict proof thereof.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, and demands strict proof thereof.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint, and demands strict proof thereof.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, and demands strict proof thereof.

33. In response to paragraph 33 of the Amended Complaint, Defendant would state that the Settlement Statement between Plaintiff, the seller, and Great Western Mortgage, speaks for itself. Defendant denies any allegations or statements in paragraph 33 of the Amended Complaint that is inconsistent with the Settlement Statement.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint, and demands strict proof thereof.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint, and demands strict proof thereof.

36. Upon information and belief, Defendant admits the allegations in paragraph 36 of the Amended Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint, and demands strict proof thereof.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, and demands strict proof thereof.

39. Defendant denies the allegations in paragraph 39 of the Amended Complaint.

40. Upon information and belief, Defendant admits the allegations in paragraph 40 of the Amended Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and demands strict proof thereof.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint, and demands strict proof thereof.

43. Defendant denies the allegations in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint contains no allegations directed to or claims asserted against this Defendant and, therefore, requires no response of Defendant.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint, and demands strict proof thereof.

48. Defendant denies the allegations in paragraph 48 of the Amended Complaint.

49. Defendant re-asserts and re-alleges all of its prior responses set forth above as if fully set forth herein.

50. Defendant denies the allegations in paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations in paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations in paragraph 52 of the Amended Complaint.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint, and demands strict proof thereof.

54. Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint, and demands strict proof thereof.

56. Defendant denies the allegations in paragraph 56 of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

58. Paragraph 58 of the Amended Complaint contains no allegations of fact directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

59. Paragraph 59 of the Amended Complaint contains no allegations of fact directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

60. Paragraph 60 of the Amended Complaint contains no allegations of fact directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

61. Paragraph 61 of the Amended Complaint contains no allegations of fact directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint, and demands strict proof thereof.

63. Paragraph 63 of the Amended Complaint contains no allegations of fact directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

64. Defendant denies the allegation in paragraph 64 of the Amended Complaint, and specifically denies acting in concert with others or making false representations of any nature to Plaintiff.

65. Defendant denies the allegation in paragraph 65 of the Amended Complaint.

66. Defendant denies the allegation in paragraph 66 of the Amended Complaint.

67. Paragraph 67 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

68. Paragraph 68 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

69. Paragraph 69 of the Amended Complaint contains no allegations of fact directed to or any claims asserted against Defendant and, therefore, requires no response from Defendant.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint, and demands strict proof thereof.

71. Defendant denies the allegation in paragraph 71 of the Amended Complaint.

8
Case 3:10-cv-00753   Document 37   Filed 04/25/11   Page 8 of 16 PageID #: 149

72. Defendant re-asserts and re-alleges all of its prior responses set forth above as if fully set forth herein.

73. Defendant admits the allegations in paragraph 73 of the Amended Complaint.

74. Defendant denies the allegation in paragraph 74 of the Amended Complaint.

75. Defendant denies the allegation in paragraph 75 of the Amended Complaint.

76. Defendant denies the allegation in paragraph 76 of the Amended Complaint.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint, and demands strict proof thereof.

78. Defendant denies the allegation in paragraph 78 of the Amended Complaint.

79. Defendant denies the allegation in paragraph 79 of the Amended Complaint.

80. Defendant denies the allegation in paragraph 80 of the Amended Complaint.

81. Defendant denies the allegation in paragraph 81 of the Amended Complaint.

82. Defendant denies the allegation in paragraph 82 of the Amended Complaint.

83. Defendant re-asserts and re-alleges all of its prior responses set forth above as if fully set forth herein.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Amended Complaint, and demands strict proof thereof.

85. To the extent that any contracts exists between Plaintiff and Defendant, Defendant denies the allegations in paragraph 85 of the Amended Complaint.

86. Defendant denies the allegation in paragraph 86 of the Amended Complaint.

87. Defendant denies the allegation in paragraph 87 of the Amended Complaint.

88. Defendant re-asserts and re-alleges all of its prior responses above as if fully set forth herein.

89. Defendant denies the allegation in paragraph 89 of the Amended Complaint.

90. Paragraph 90 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

91. Paragraph 91 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

92. Paragraph 92 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

93. Defendant denies the allegation in paragraph 93 of the Amended Complaint.

94. Defendant denies the allegation in paragraph 94 of the Amended Complaint.

95. Paragraph 95 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

96. Defendant denies the allegation in paragraph 96 of the Amended Complaint.

97. The first sentence in paragraph 97 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant. Defendant denies the allegations in the second sentence of paragraph 97 of the Amended Complaint.

98. Defendant denies the allegation in paragraph 98 of the Amended Complaint.

99. Defendant re-asserts and re-alleges all of its prior responses above as if fully set forth herein.

100. Defendant denies the allegation in paragraph 100 of the Amended Complaint.

101. Defendant denies the allegation in paragraph 101 of the Amended Complaint.

102. Defendant denies the allegation in paragraph 102 of the Amended Complaint.

103. Defendant denies the allegation in paragraph 103 of the Amended Complaint.

104. Defendant re-asserts and re-alleges all of its prior responses above as if fully set forth herein.

105. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Amended Complaint, and demands strict proof thereof.

106. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Amended Complaint, and demands strict proof thereof.

107. Defendant denies the allegation in paragraph 107 of the Amended Complaint.

108. Defendant re-asserts and re-alleges all of its prior responses above as if fully set forth herein.

109. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Amended Complaint, and demands strict proof thereof.

110. Defendant denies the allegation in paragraph 110 of the Amended Complaint.

111. Defendant denies the allegation in paragraph 111 of the Amended Complaint.

112. Defendant denies the allegation in paragraph 112 of the Amended Complaint.

113. Defendant denies the allegation in paragraph 113 of the Amended Complaint.

114. Defendant denies the allegation in paragraph 114 of the Amended Complaint.

115. Paragraph 115 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

116. Paragraph 116 of the contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

117. Defendant denies the allegation in paragraph 117 of the Amended Complaint.

118. Paragraph 118 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

119. Defendant denies the allegation in paragraph 119 of the Amended Complaint.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Amended Complaint, and demands strict proof thereof. For further response, Defendant specifically denies any alleged "concealment of TILA violations" as alleged in paragraph 120 of the Amended Complaint.

121. Defendant denies the allegation in paragraph 121 of the Amended Complaint.

122. Paragraph 122 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

123. Paragraph 123 of the Amended Complaint contains no allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant.

124. Defendant denies the allegation in paragraph 124 of the Amended Complaint.

125. Defendant denies the allegation in paragraph 125 of the Amended Complaint.

126. Defendant denies the allegation in paragraph 126 of the Amended Complaint.

127. Defendant denies the allegation in paragraph 127 of the Amended Complaint.

128. Defendant denies the allegation in paragraph 128 of the Amended Complaint.

129. In response to Plaintiff's demand for a trial by jury in paragraph 129 of the Amended Complaint, Defendant demands for a trial by jury on all issues before the Court.

130. Paragraphs 130 and 131 of the Amended Complaint purport to make a demand for production of insurance agreements. These paragraphs contain no factual allegations directed to or any claims asserted against Defendant and, therefore, requires no response of Defendant. Defendant will respond to the issue of "insurance agreements" at the appropriate time in its initial disclosures under the Federal Rules of Civil Procedure.

131. Defendant denies that Plaintiff is entitled to any of the relief requested in his prayer for relief at the conclusion of the Amended Complaint.

132. All allegations not previously admitted or denied are hereby denied.

133. Defendant reserves the right to amend this Answer to assert additional denials and defenses as merited by its ongoing investigation and discovery.

## **AFFIRMATIVE DEFENSES**

In addition to the responses set forth above, Defendant would show the Court the following affirmative defenses:

1. Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Defendant.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims asserted against Defendant must fail because at the time he allegedly suffered injury, Plaintiff was not in privity with Defendant.

4. Defendant states that it has acted in good faith at all times material hereto.

5. Defendant states that Plaintiff's claims are barred by the doctrine of laches.

6. Defendant states that Plaintiff's claims are barred by the doctrine of estoppel.

7. Defendant states that Plaintiff's claims are barred by the doctrine of waiver.

8. To the extent that Plaintiff is relying on any alleged "oral" or "verbal" agreements, Defendant affirmatively asserts the statute of fraud in the defense of those claims.

9. Plaintiff is barred from recovering against Defendant due to Plaintiff's failure to mitigate his damages.

10. Defendant reserves the right to move to dismiss Plaintiff's Amended Complaint and/or to assert additional affirmative defenses or claims at such time and to such extent as warranted by its ongoing investigation and discovery in this matter.

**WHEREFORE,** Defendant respectfully requests as follows:

1. That Plaintiff's Amended Complaint be dismissed with prejudice and that Plaintiff take nothing and collect nothing under the Amended Complaint;

2. That all costs, including, but not limited to, court costs, discretionary costs, and reasonable attorney's fees, to the extent allowed under any statute or contract at issue in this case, be taxed against Plaintiff.

3. That Defendant be awarded such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ James C. Bradshaw III
James C. Bradshaw III, BPR 13170
D. Andrew Amonette, BPR 23474
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Telephone: 615.244.0020
Facsimile: 615.256.1726

Counsel for Defendant JP Morgan Chase, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2011, a copy of the foregoing Notice was filed in the above-captioned action. A copy of this Answer will be sent by operation of the Court's electronic filing system to Bobby Cochran, 7176 Chester Road, Fairview, Tennessee 37062.

/s/ James C. Bradshaw III

60016783.1