IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BOBBY COCHRAN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:10-CV-753 |
| | ) |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Griffin |
| JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT JP MORGAN CHASE BANK, N.A.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

J.P. Morgan Chase Bank, N.A. ("Chase"), by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully submits the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. In 1995, Bobby and Rita Cochran (the "Cochrans") financed the purchase of a home (the "Home") located at 7176 Chester Road, Fairview, Tennessee through a loan (the "Loan") from Great Western Mortgage Corporation. Cochran Dep., p. 30, ll. 1-6; p. 92, ll. 23-25, p. 93, ll. 1-7.

   **RESPONSE:**

2. The promissory note (the "Note") reflecting the loan obligation taken by the Cochrans was in the amount of $73,350.00. *Id.*

   **RESPONSE:**

3. The Note was signed by Bobby and Rita Cochran and in it they acknowledge their acceptance and agreement to the terms and conditions of the Note. Cochran Dep. p. 37, ll. 1-9.

**RESPONSE:**

4. The Note was secured by a deed of trust (the "Deed of Trust") that was filed with the Register of Deeds Office in Williamson County. Cochran Dep. p. 93, ll. 8-25.

**RESPONSE:**

5. The Note allows the obligations which arise under the Note to be transferred. Specifically it states that "the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive installments under this Note is called the 'Note Holder.' " Ex. 5 to Cochran Dep., Promissory Note, ¶ 1.

**RESPONSE:**

6. After the Loan was closed, Great Western Mortgage Corporation assigned the Deed of Trust together with the Note to Great Western Bank, a Federal Savings Bank. Cochran Dep. p. 73, ll. 18-23; Ex. 10 to Cochran Dep., Assignment.

**RESPONSE:**

7. On or about October 1, 1997, Great Western Bank, a Federal Savings Bank was merged without assistance into Washington Mutual Bank. Cochran Dep. p. 74, ll. 1-13; ll. 18-22.

**RESPONSE:**

8. On or about September 25, 2008, the Federal Deposit Insurance Corporation as receiver of Washington Mutual Bank ("FDIC-R") entered into a Purchase and Assumption Agreement

with J.P. Morgan Chase, Bank, N.A. ("Chase") through which the FDIC-R sold, and Chase acquired, certain of WaMu's assets. *See* Chase's Response to Plaintiff's Interrogatory # 11.

**RESPONSE:**

9. Chase holds the Note related to the instant Loan as a result of the Purchase and Assumption Agreement with Washington Mutual. *See* Chase's Response to Plaintiff's Interrogatory ## 11, 14.

**RESPONSE:**

10. Mr. Cochran made payments towards the Note obligation from 1995 until 2009. Cochran Dep. p. 41, ll. 24-25, p. 42, ll. 1-2; p. 82, ll. 1-12.

**RESPONSE:**

11. Mr. Cochran knew where to send payments towards the Note obligation with respect to Washington Mutual and then with respect to Chase. Cochran Dep. pp. 42-43.

**RESPONSE:**

12. On or about September 15, 2009, Mr. Cochran stopped making payments to Chase towards the Note obligation. Cochran Dep. p. 82, ll. 3-12.

**RESPONSE:**

13. Mr. Cochran stopped making payments because he did not have the money to make the payments due to the decline of availability of work. Cochran Dep. p. 40, ll. 22-25; p. 41, ll. 1-12.

**RESPONSE:**

14. Mr. Cochran acknowledges that the obligation on the Note still exists and that he owes funds to the holder of the Note. Cochran Dep. p. 131, ll. 3-7.

**RESPONSE:**

15. Mr. Cochran acknowledges that no other person, entity, or bank has sought payment of the Loan obligation other than Chase. Cochran Dep. p. 152, ll. 9-15.

**RESPONSE:**

16. Mr. Cochran is not able to identify anyone at Chase who has made a fraudulent representation to him. Cochran Dep. p. 145, ll. 21-25.

**RESPONSE:**

17. The language of the Note provides that it will be governed by the laws of the state where the property is located. Ex. 5 to Cochran Dep., Promissory Note, ¶ 12.

**RESPONSE:**

18. Mr. Cochran testified at his deposition that the fraud alleged in his Amended Complaint was related to the closing of the Loan. Cochran Dep. p. 110, ll. 24-25; p. 111, ll. 1-4.

**RESPONSE:**

19.     Mr. Cochran testified at his deposition that the Note is the contract he refers to in his Amended Complaint. Cochran Dep. p. 133, ll. 1-4.

**RESPONSE:**


20.     Mr. Cochran testified at his deposition that "through all of the servicers and holders of the Note there's obligations to me related to what I was promised." Cochran Dep. p. 133, ll. 6-8.

**RESPONSE:**


21.     Specifically, Mr. Cochran claimed that Chase breached the alleged contract between Chase and Mr. Cochran as a result of the loan being "s[old]. . . to a group of people, [he was never told] who they [we]re and being paid possibly more than he borrowed." Cochran Dep. p. 114, ll. 20-22.

**RESPONSE:**


22.     Mr. Cochran received $73,350 as reflected in the Note, at the time of closing. Cochran Dep. p. 115, l. 25, p. 116, l. 1.

**RESPONSE:**


23.     Mr. Cochran was unable to describe Tennessee Code Annotated § 66-5-16 when asked at his deposition and was unable to specifically state how Chase violated said statute when asked. Cochran Dep. p. 112, ll. 3-15.

**RESPONSE:**

Respectfully submitted,


____/s/ D. Andrew Amonette_____
James C. Bradshaw III, BPR 13170
D. Andrew Amonette, BPR 23474
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Telephone: 615.244.0020
Facsimile: 615.256.1726

*Counsel for Defendant JP Morgan Chase, N.A.*


## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, a copy of the foregoing was filed in the above-captioned action. A copy will be sent by operation of the Court's electronic filing system to Bobby Cochran, 7176 Chester Road, Fairview, Tennessee 37062.


____/s/ D. Andrew Amonette_____

60123579.4