IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BOBBY COCHRAN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:10-CV-753 |
| | ) |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Griffin |
| JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT J.P. MORGAN CHASE BANK, N.A.'S AMENDED MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant J.P. Morgan Chase Bank, N.A. ("Chase") respectfully submits this Amended Memorandum of Law in Support of its Motion for Summary Judgment.

### I. Introduction.

This action arises out of the 1995 financing of the purchase of a home ("the Home") located at 7176 Chester Road, Fairview, Tennessee through a loan (the "Loan") from Great Western Mortgage Corporation by Bobby and Rita Cochran ("Mr. Cochran" and "Mrs. Cochran," collectively "Cochrans"). *See* Chase's Statement of Undisputed Material Facts[1], # 1. The promissory note (the "Note") reflecting the loan obligation taken by the Cochrans was in the amount of $73,350. *Id*. The Note was signed by Bobby and Rita Cochran, in which they acknowledged their acceptance and agreement to the terms and conditions of the Note. *Id*. at # 3.

After the Loan was closed, Great Western Mortgage Corporation assigned the Deed of Trust together with the Note to Great Western Bank, a Federal Savings Bank. *Id*. at # 6. On or

---

[1] Chase's Statement of Undisputed Material Facts will be cited to herein as CSOMF # ___.

about October 1, 1997, Great Western Bank, a Federal Savings Bank was merged without assistance into Washington Mutual Bank. *Id*. at #7. On or about September 25, 2008, the Federal Deposit Insurance Corporation as receiver of Washington Mutual Bank ("FDIC-R") entered into a Purchase and Assumption Agreement with Chase through which the FDIC-R sold, and Chase acquired, certain of WaMu's assets. *Id*. at #8. Chase holds the Note related to the instant Loan as a result of the Purchase and Assumption Agreement with Washington Mutual by and through the FDIC-R. *Id.* at # 9.

Mr. Cochran filed the instant action, alleging that Chase, *inter alia*, violated the Truth in Lending Act ("TILA") and the Real Estate Settlement and Procedures Act ("RESPA"). Amended Complaint at ¶¶ 3, 108-121. Additionally, Mr. Cochran asserts in his Amended Complaint that Chase breached its fiduciary duties "under TILA, HOEPA, RESPA and the Regulations X and Z promulgated there under to." *Id*. at ¶ 106. Mr. Cochran also alleges that Chase committed fraud and made material misrepresentations regarding the transaction. *Id*. at ¶¶ 50, 51. Further, Mr. Cochran claims that Chase breached a contract, a duty of good faith and fair dealing, and an implied contract. *Id*. at ¶¶ 72-82, 83-87, 88-98, 99-103. Finally, Mr. Cochran asserts that Chase violated Tennessee Code Annotated § 66-5-10.

The undisputed facts demonstrate that Mr. Cochran made payments towards the Note obligation from 1995 until 2009. CSOMF #10. He knew where to send payments for the Note obligation when he was sending payments to Washington Mutual and also with respect to Chase. *Id*. at #11. On or about September 15, 2009, Mr. Cochran stopped making payments to Chase towards the Note obligation. *Id*. at #12. Mr. Cochran acknowledges that the obligation on the Note still exists and that he owes funds to the holder of the Note. *Id*. at #14. Mr. Cochran acknowledges that no other person, entity, or bank has sought payment of the Loan obligation

other than Chase. *Id*. at #15. Furthermore, Mr. Cochran is not able to identify anyone at Chase who has made a fraudulent representation to him. *Id*. #16.

Upon this record, the Amended Complaint should be dismissed with prejudice.

## II.  Undisputed Facts.

Chase incorporates its Statement of Undisputed Material Facts filed contemporaneously herewith.

## III.  Argument.

### A.  Rule 56 Standard of Review.

The summary judgment procedure allows the Court to pierce the pleadings and to assess the proof in order to determine whether there is a genuine need for a trial. *Advisory Committee Notes on Rule 56, Federal Judicial Procedure and Rules* (West Ed. 1989). Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).

> In this regard, the Supreme Court has stated that
>
> the plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, (1986) (emphasis added). Indeed, the moving party is not required to "support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim." *Id.* at 323, (emphasis in original). Rather, "where the

3

nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file,'" *id*. at 324, 106 S.Ct. at 2553 -- *i.e.*, on the record as its stands. Put simply, when a party makes a motion for summary judgment, it has

> challenge[d] the opposing party to "put up or shut up" on a critical issue. After being afforded sufficient time for discovery, . . . if the respondent [does] not "put up," summary judgment [is] proper."

Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989).

Plaintiff's action should be dismissed because Plaintiff has presented no evidence whatsoever to support his claims and he cannot satisfy his burden of proof on three critical issues:

1. Plaintiff failed to file his Amended Complaint (or original Complaint) before the statute of limitations had run on those claims noted herein.

2. Plaintiff cannot point to any breach by Chase of a duty under an express or implied contract.

3. Plaintiff cannot state a cause of action under Tennessee Code Annotated § 66-5-106.

**B. Failure to File the Complaint Prior to the Running of Statutes of Limitation.**

Plaintiff alleges that Chase violated the Truth in Lending Act ("TILA") and the Real Estate Settlement and Procedures Act ("RESPA"). Amended Complaint at ¶¶ 3, 108-121. Mr. Cochran's claims under both acts must fail on the ground that the statute of limitations period has run under both RESPA and TILA. *See* McCoy v. Harriman Utility Board, 790 F.2d 493, 496 (6th Cir. 1986); Baptist v. Bank of New York Mellon, No. 09-2569-STA, 2010 WL 1539973, at *6 (W.D. Tenn. April 16, 2010).

The statute of limitations for an action under the TILA is one year. McCoy, 790 F.2d at 496. The statute of limitations period begins to run "one year from the date of the occurrence of the violation." Id. (quoting 15 U.S.C. §1640(e)). The statute of limitations for an action brought under RESPA is either one year or three years, dependent upon which section of the statute the action is brought. Baptist, 2010 WL 1539973, at *6. As with the TILA, the statute of limitations under RESPA period begins to run on "the date of the occurrence of the violation." Johnson v. Equity Title & Escrow Co. of Memphis, LLC, 476 F.Supp.2d 873, 883 (W.D. Tenn. 2007).

Plaintiff does not assert the section of RESPA under which he brings his claim in his Amended Complaint. Indeed, he merely mentions RESPA in the Amended Complaint when stating that "Plaintiff(s) claim against Defendant includes violations of the Truth in Lending Act ("TILA") (15 U.S.C. §§1601 et seq.) and the Real Estate Settlement and Procedures Act ("RESPA) (12 U.S.C. § 2602)." Amended Complaint at ¶ 3. However, this Court need not determine under which section of RESPA Plaintiff brings his claim, as both the one year statute of limitations and three year statute of limitations have already run.

As noted above, the statute of limitations begins to run under TILA and RESPA the day that the violation of the statutes occurs. *See* McCoy, 790 F.2d at 496; Johnson, 476 F.Supp.2d at 883. From Plaintiff's Amended Complaint, it appears that Mr. Cochran asserts that the violation to him occurred on the date that he and Rita Cochran signed the promissory note reflecting a loan obligation in the amount of $73,500 on September 15, 1995. *See* Amended Complaint at ¶¶ 26, 29-32, 34, 112. Mr. Cochran signed the promissory note on September 15, 1995 and, thus, is consequently barred by the applicable statutes of limitations from asserting a claim under the RESPA or the TILA.

Plaintiff's claim of fraud and misrepresentation is also barred by the statute of limitations. "The applicable statute of limitations is determined according to the gravamen of the complaint, rather than its designation as an action for tort or contract. In order to do this, the court must look to the basis for which damages are sought." Tip's Package Store, Inc., v. Commercial Insurance Managers, Inc., 86 S.W.3d 543, 551 (Tenn. Ct. App. 2001) *perm. app. den'd*. (citing Keller v. Colgems-EMI Music, Inc., 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996).

Under the Note signed by the Cochrans, "the laws that will apply to this Note are the laws of the state where the property is located." CSOMF #17. The property in this matter is located in Tennessee. *Id*. at #1. Tennessee law contains no specific provision providing a statute of limitations period for actions involving fraud or misrepresentation. Under Tennessee law, a property tort action has a three year statute of limitations period, while a personal tort action has a one year statute of limitations. *See* T.C.A. §§ 28-3-104, 28-3-105 (2000). In both property tort actions and personal tort actions, the statute of limitations period begins to run after the cause of action has accrued. *Id.*

Mr. Cochran asserted in his Amended Complaint and in his deposition that any fraud or fraudulent misrepresentation occurred on the date that Plaintiff and Rita Cochran signed the promissory note reflecting a loan obligation in the amount of $73,500 on September 15, 1995. Amended Complaint at ¶¶ 26, 29, 30, 34, 52, 112; *see also* CSOMF #18. Mr. Cochran signed the promissory note on September 15, 1995 and is consequently barred by the applicable statutes of limitations from asserting a claim for fraud or misrepresentation regardless of whether such a claim is characterized as a property tort action or a personal tort action under T.C.A. §§ 28-3-104, 28-3-105 (2000).

Mr. Cochran further claims in his Amended Complaint that Chase breached its fiduciary duties "under TILA, HOEPA, RESPA and the Regulations X and Z promulgated there under to." Amended Complaint at ¶ 106. As noted above, the statutes of limitations in TILA and RESPA prevent Mr. Cochran from asserting any claim pursuant to either statute. However, the applicable statute of limitations in HOEPA also prevents Mr. Cochran from asserting a claim. The statute of limitations under HOEPA for affirmative claims is one year under 15 U.S.C. § 1640(e). Accordingly, Mr. Cochran cannot assert that Chase breached any fiduciary duty to him under TILA, HOEPA, RESPA, or any regulations under these statutory schemes under the applicable statutes of limitations.

### C. Failure to State a Breach of Contract, Breach of Good Faith and Fair Dealing and Breach of Implied Contract.

In his Amended Complaint, Mr. Cochran asserts that Chase "drafted and entered into individual contract with Plaintiff." Amended Complaint at ¶ 84. Mr. Cochran asserts that Chase "violated these contracts," "giv[ing] rise to the claim of breach of contract." Amended Complaint at ¶ ¶ 85, 86. During his deposition, Mr. Cochran identified the Note as the contract and stated that "through all of the servicers and holders of the note there's obligations to me related to what I was promised." CSOMF ## 19, 20. Specifically, Mr. Cochran claimed that Chase breached the alleged contract between Chase and Mr. Cochran as a result of the loan being "s[old]. . . to a group of people, [he was never told] who they [we]re and being paid possibly more than he borrowed." *Id*. at 21.

Mr. Cochran's breach of contract claim is without merit. Under the Note that Mr. Cochran signed, Paragraph 1 states that "the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive installments under this

7
Case 3:10-cv-00753   Document 66   Filed 02/17/12   Page 7 of 10 PageID #: 308

Note is called the 'Note Holder.' " *Id*. at #5. Accordingly, Mr. Cochran cannot assert that such action by Chase constitutes a breach of contract.

Mr. Cochran also maintains that Chase "breached a contract of good faith and fair dealing." Amended Complaint at ¶¶ 88-97. However, when questioned as to what constituted the basis for this claim during his deposition, Mr. Cochran conceded that he received the full loan amount of $73,350 under the Note. CSOMF # 22. Therefore, Mr. Cochran cannot maintain his allegation in his Amended Complaint that Chase breached a contract of good faith and fair dealing.

Mr. Cochran also maintains that Chase breached an implied contract. Specifically, Mr. Cochran asserts that "Defendant made various oral agreements and representations to Plaintiff." Amended Complaint at ¶ 100. However, under the Statute of Frauds, Mr. Cochran is barred from bringing an action for the sale of land if the contract term exceeds one year, or if the contract at issue cannot be performed within a one year period where the contract is not in writing. T.C.A. § 29-2-101(a)(4), (5) (2011). As previously noted, Mr. Cochran signed the note on September 15, 1995. The maturity date of the Note was to be September 16, 2025. *See* Promissory Note, Ex. B to Motion. Accordingly, the contract for the sale of land exceeded one year, nor could the contract be performed within a one year period. Therefore, any contract between Chase and Mr. Cochran was required to be reduced to writing under the Statute of Frauds. T.C.A. § 29-2-101(a)(4), (5) (2011). Accordingly, Mr. Cochran's claim that Chase breached "various oral agreements and representations to Plaintiff" cannot prevail. Amended Complaint at ¶100.

### D. Failure to State a Cause of Action Under Tennessee Code Annotated § 66-5-106.

Tennessee Code Annotated § 66-5-106 (2011) concerns conveyances of property and the authentication and registration of such conveyance, and provides that:

> No deed of conveyance for lands, in whatever manner or form drawn, shall be good and available in law, as to strangers, unless it is acknowledged by the vendor, or proved by two (2) witnesses upon oath, in the manner prescribed in chapters 22 and 23 of this title, and registered by the register of the county where the land lies. All deeds so executed shall be valid and pass estates in land, or right to other estates, without livery of seisin, attornment, or other ceremony in the law whatever.

*Id*. Mr. Cochran asserts in his Amended Complaint that Chase violated this statute when it "affirmatively misrepresented and knowingly concealed, suppressed and failed to disclose material facts with the intent that others rely upon such concealment and deception." Amended Complaint at ¶ 74. Mr. Cochran was unsure in his deposition of the contents of the statute, but repeated the similar quoted-language of his Amended Complaint. CSOMF #23. Mr. Cochran fails to allege any specific facts or actions undertaken by Chase in his Amended Complaint or deposition giving rise to any cause of action available to him under T.C.A. § 66-5-106. Accordingly, it is clear that Mr. Cochran cannot prevail on such a claim.

### IV. Conclusion.

For the reasons set forth herein, Plaintiff cannot sustain his burden of proof and this action should be dismissed with prejudice pursuant to Rule 56, Fed. R. Civ. P.

Respectfully submitted,


_____/s/ D. Andrew Amonette_____
James C. Bradshaw III, BPR 13170
D. Andrew Amonette, BPR 23474
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
Telephone: 615.244.0020
Facsimile: 615.256.1726

*Counsel for JP Morgan Chase Bank, N.A.*


## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, a copy of the foregoing was filed in the above-captioned action. A copy will be sent by operation of the Court's electronic filing system to:

Bobby Cochran
7176 Chester Road
Fairview, Tennessee 37062


_____/s/ D. Andrew Amonette_____
D. Andrew Amonette

60127772.7