IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY COCHRAN )
)
v. ) NO. 3:10-0753
)
JP MORGAN CHASE, N.A. )

**O R D E R**

Presently pending before the Court are three motions filed by the plaintiff which are styled as "motion for review of extension of time for discovery to defendant JP Morgan Chase Bank, N.A." (Docket Entry No. 57), "motion for review of deadline for dispositive motions" (Docket Entry No. 58), and "motion for review of deadline for dispositive motions" (Docket Entry No. 59). Although each motion is styled as a motion for review, the plaintiff does not actually seek review, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.02 of the Local Rules of Court, of a specific Order entered by the Court. Instead, the plaintiff's motions appear to merely request that the Court again extend pre-trial deadlines in the action, and the motions shall be construed as such by the Court.

The plaintiff's motion (Docket Entry No. 57) to extend the deadline for discovery for an additional 90 days is DENIED. By Order entered January 13, 2012 (Docket Entry No. 56), the Court denied the plaintiff's prior motion for additional time for discovery after finding that the parties had a period of seven months within which to complete discovery and to file discovery motions in this action. The plaintiff fails to show any compelling basis for re-opening discovery in this action. The new objections he raises to the defendant's discovery responses are simply too late.

The plaintiff's motions (Docket Entry Nos. 58 and 59) to respond to or to file his own dispositive motion are GRANTED. The plaintiff's deadline for filing dispositive motions and for filing a response to the defendant's dispositive motion is extended to March 30, 2012.[1]

The plaintiff is advised that Rule 56(a) of the Federal Rules of Civil Procedure mandates that summary judgment be granted if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Once the defendant properly shows the absence of a genuine dispute for trial, the plaintiff must show that the material facts are genuinely disputed by citing to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, or show that the materials cited by the defendant do not establish an undisputed fact or that the defendant cannot produce admissible evidence to support such fact(s).

The plaintiff is also advised that, if he wishes to dispute the facts submitted by the defendant, he must respond to the defendant's statement of undisputed, material facts in accord with Local Rule 56.01(c), by responding to each fact set forth by the defendant by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purposes of ruling on summary judgment; or (3) by demonstrating that the fact is disputed, with specific citation to the record. The plaintiff may include his responses to each fact listed on the same copy of the defendant's Statement of Undisputed Facts with which he was served, and then file that document together with his

---

[1] On March 12, 2012, the plaintiff filed a response (Docket Entry No. 72) to the defendant's motion for summary judgment. However, the Court notes that the plaintiff's response does not comply with the requirement of Rule 56.01(c) of the Local Rules of Court that he respond to the defendant's statement (Docket Entry No. 62) of undisputed, material facts which was submitted in support of its motion for summary judgment.

2

response. If the plaintiff needs more space to respond to the defendant's Statement of Undisputed Facts, the plaintiff may attach additional pages thereto.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge