UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY COCHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-0753 |
| v. ) | |
| ) | Judge Sharp |
| JP MORGAN CHASE, N.A., ) | Magistrate Judge Griffin |
| ) | |
| Defendant. ) | |

## ORDER

*Pro se* Plaintiff Bobby Cochran filed this civil action *in forma pauperis* against Defendant JP Morgan Chase, N.A. on August 9, 2010, wherein he asserted numerous civil causes of action against Defendant, related to a "consumer contract for the refinance of a primary residence located at 7176 Chester Road[,] Fairview[,] TN 37062." (Docket Entry No. 1 at 1). Plaintiff subsequently filed an Amended Complaint, clarifying his claims and allegations against Defendant. Plaintiff contends that federal question jurisdiction exists under 28 U.S.C. § 1331 because he raises claims under the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and under the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"). Plaintiff requests that the Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 over his state law claims of fraud, violation of Tenn. Code. Ann. § 66-5-106, breach of contract, breach of contract of good faith and fair dealing, breach of implied contract, and breach of fiduciary duty. *See* (Docket Entry No. 33).

On February 13, 2012, Defendant filed a Motion for Summary Judgment (Docket Entry No. 60), to which Plaintiff filed a response in opposition. (Docket Entry No. 72).

1

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 77) in this case on September 19, 2012[1], concluding that summary judgment should be granted for Defendant on Plaintiff's federal question claims. Further, "[u]pon the dismissal of the federal question claims, jurisdiction under 28 U.S.C. § 1331 no longer exists, and the Court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims in accordance with the discretion provided to the Court in 28 U.S.C. § 1367(c)." (*Id*. at 4-5). Therefore, recommending that the motion for summary judgment "be GRANTED as to the Plaintiff's RESPA and TILA claims and that these claims be DISMISSED WITH PREJUDICE" and the "remaining state law claims be DISMISSED WITHOUT PREJUDICE." (*Id*. at 9). No objections have been filed to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 77) is hereby ACCEPTED and APPROVED;

(2) Defendant's Motion for Summary Judgment (Docket Entry No. 60) is hereby GRANTED;

(3) Plaintiff's RESPA and TILA claims are hereby DISMISSED WITH PREJUDICE; and

---

[1] Plaintiff received the R & R on October 1, 2012 via certified mail. See (Docket Entry No. 79).

(4) Plaintiff's remaining state law claims are hereby DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE